# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY DUFFIELD, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-18-402-SLP |
| WARDEN BEAR, et al., | ) |
| Respondent. | ) |

## O R D E R

Petitioner is a state prisoner appearing pro se. He has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin entered April 30, 2018 [Doc. No. 5]. Judge Erwin recommended that the Petition be dismissed on grounds related to Petitioner's Application for Leave to Proceed in Forma Pauperis [Doc. No. 2] and gave Petitioner until May 17, 2018 to file any objections.[1] Petitioner did not object, but on May 10, 2018, Petitioner paid the full filing fee in the amount of $5.00. Due to Petitioner's payment of the filing fee, the Court declines to adopt the Report and Recommendation, denies the Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] as moot, and re-refers this matter to United States Magistrate Judge Shon T. Erwin in accordance with the original referral entered herein on April 25, 2018 [Doc. No. 4].[2]

---

[1] Judge Erwin found dismissal proper under 28 U.S.C. § 1915(e)(2)(A) on grounds Petitioner's allegation of poverty was untrue.

[2] In his Application, Petitioner answered "yes" to the question asking whether he was presently employed and answered "see attached" to the question asking the amount of his salary or wages per month. He also answered "yes" to the question asking whether he had received income from "[a]ny other sources" in the past twelve months and again referenced the attachment. *See* Application [Doc. No. 2] at 2, ¶¶5-6. He attached a Statement of Institutional Accounts which demonstrates that he has sufficient money to pay the filing fee. *See id.* at 3-7. However, there is

IT IS SO ORDERED this 21st day of June, 2018.

                        *[signature]*
                        SCOTT L. PALK
                        UNITED STATES DISTRICT JUDGE

---

no indication that Petitioner attempted to conceal or otherwise misrepresent his assets. *Cf. Vann v. Comm'r of the N.Y. City Dept. of Corr.*, 496 F. App'x 113, 115 2d Cir. 2012) (recognizing that "a prisoner's misrepresentation of his or her financial assets might not necessarily rise to the level of an untrue allegation of poverty requiring dismissal in all cases" but finding dismissal is proper where "a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain in forma pauperis status"). Nor is there any indication in the record that Petitioner is a frequent filer in this Court or that he has otherwise abused the in forma pauperis process in other actions before this Court. The attachments to the Application demonstrate that Petitioner is, in fact, able to prepay the costs of this action, rendering untrue the "statement" contained on the form (and not supplied by Petitioner) that he is "unable to prepay the costs of the action" because of his poverty. *See* Application [Doc. No. 2] at 1, ¶ 3. But Petitioner may not fully understand the in forma pauperis application process. Under the liberal construction afforded submissions by pro se prisoners, coupled with the fact that Petitioner has now paid the full filing fee, the Court declines to dismiss the action.