# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY DUFFIELD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-18-402-SLP ) |
| WARDEN BEAR, et al., | ) ) |
| Respondents. | ) |

## **O R D E R**

Petitioner, Wesley Duffield, a state prisoner appearing pro se, has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 8] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review[1] Judge Erwin recommends the § 2241 Petition be dismissed without prejudice for failure to state a cognizable claim. Judge Erwin finds the claims in the Petition constitute a "frontal assault" on the validity of Petitioner's conviction, not a challenge to the execution of his sentence and, therefore, are not cognizable under § 2241. *See* R&R at 3.

Petitioner timely filed an Objection [Doc. No. 9] to the Report and Recommendation. The Court reviews de novo any portion of the Report and Recommendation to which Petitioner has made specific objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] *See* Rules 1(b) and 4, Rules Governing Section 2254 Cases in the United States District Court (authorizing dismissal of a § 2241 petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to a petition brought pursuant to § 2241).

In the Objection, Petitioner does not address the finding by the Magistrate Judge that his claims are not cognizable under § 2241. Instead, he requests: (1) a hearing on the issue of the Oklahoma courts alleged lack of jurisdiction over his 1977 conviction; (2) references certain "Rules for Dist. Judges"; (3) states the "Order" does not contain "mandatory findings of fact and conclusions of law;" (4) states the "Report failed to have documents or records attached to it;" and (5) states the "doctrine of res judicata/collateral estoppel compels reversal and remand to magistrate." *See* Obj. at 1-2.

Upon de novo review, the Court fully concurs with the analysis set forth in the Report and Recommendation. Petitioner's claims challenge the legality of his conviction and sentence, not the execution of his sentence and, therefore, are not cognizable under § 2241. *See* R&R at 4 (citing *Martin v. Bear*, 725 F. App'x 729 (10th Cir. 2018) (claims challenging the jurisdiction of the sentencing court attack the validity of the conviction and sentence and must be brought under 28 U.S.C. § 2254); *see also McIntosh v. United States Parole Comm'n.*, 115 F.3d 809, 811 (10th Cir. 1997)("Petitions under § 2241 are used "to attack the execution of a sentence . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."). The grounds upon which Petitioner bases his objection are not fully intelligible and he identifies no factual or legal bases that render the Magistrate Judge's findings inaccurate or disputable. Because Petitioner fails to demonstrate this Court's authority to grant the relief he seeks in an action brought under § 2241, the Petition should be dismissed upon preliminary review.[2]

---

[2] As noted by the Magistrate Judge, Petitioner appears to claim he is being detained in violation of federal laws, the Constitution and treaties of the United States because his crime was committed inside an Indian reservation. *See* R&R at 2 (citing *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, 138 S.Ct. 2026 (2018). But in his objection, Petitioner states this case is not about *Murphy*. *See* Obj. at 1. Instead, he claims "this Court should reverse and remand for a hearing to

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 8] is ADOPTED in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is dismissed, without prejudice.

A separate judgment of dismissal will be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a Certificate of Appealability is denied. Where a habeas petition is denied on procedural grounds, Petitioner is entitled to a COA only if he/she demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Stack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he/she demonstrates "that jurists of reason could disagree with the district court's resolution of his/her constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v.*

---

address the merits of the undisputed "jurisdictional" fact, and other uncontested claims." *Id*. Even if Petitioner does not rely on *Murphy*, as set forth, a challenge to the state court's jurisdiction is a challenge to his conviction and is not cognizable in an action brought pursuant to § 2241. It is unclear whether Petitioner may be requesting this Court to direct action by the Oklahoma state courts. To the extent he does make such a request, this Court lacks authority to grant such relief. As the Tenth Circuit has noted, a federal court does not have authority to issue a writ of mandamus to direct state court or their judicial officers in the performance of their duties. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

*McDaniel, supra*). Upon consideration, the Court finds Petitioner has not made either showing. Therefore, a COA is denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 18th day of July, 2018.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE